UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of RO'S PRECISE PAINTING, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CNA SURETY CORPORATION, an Illinois corporation; DICK CORPORATION/MATT CONSTRUCTION, a Joint Venture,<br><br>　　　　　Defendants. | 1:06-cv-1744 OWW WMW<br><br>ORDER AFTER SCHEDULING CONFERENCE AND ORDER STAYING ACTION UNTIL 7/26/07 |

I.   Date of Scheduling Conference.

　　May 4, 2007.

II.  Appearances Of Counsel.

　　Dowling, Aaron & Keeler, Inc., by David D. Schneider, Esq., appeared on behalf of Plaintiff.

　　Kirkpatrick, Lockhart, Preston Gates & Ellis LLP by Hector H. Espinosa, Esq., appeared on behalf of Defendants, specially for CNA Surety Corporation.

III. Summary of Pleadings.

　　1.   Ro's is a duly-licensed painting and decorating

1

1  contractor.  Dick/Matt is a general contractor.  Dick/Matt
2  entered into a written contract with the United States of
3  America, by and through the General Services Administration,
4  Contract Number GS-09P-01-KTC-0071 (hereinafter, the "Prime
5  Contract"), by the terms of which Dick/Matt agreed to construct a
6  public building known as the United States Courthouse, Fresno,
7  California (hereinafter, the "Project").  Under 40 United States
8  Code Sections 3131-3134, Dick/Matt, as principal, and CNA, as
9  surety, executed and delivered a payment bond to the United
10 States of America, whereby said Dick/Matt and CNA bound
11 themselves jointly and severally for the purpose of allowing a
12 joint action or actions against any or all of them and bound
13 themselves in a sum of money equal to the contract price.
14      2.   Thereafter, in or about January or February 2004,
15 Dick/Matt and Plaintiff entered into a contract, pursuant to
16 which Plaintiff furnished labor, material, services and equipment
17 in the execution of the work required in the Prime Contract,
18 including, but not limited to, the painting, wall coverings, and
19 high performance coatings at the Project (hereafter, the
20 "Subcontract").  By the express terms of the Subcontract,
21 Dick/Matt and Plaintiff agreed that the contract shall be subject
22 to California law.  Separate and apart from the labor, material,
23 services and equipment Plaintiff furnished under the scope of
24 work under the Subcontract, between 2004 and 2006, Plaintiff
25 furnished additional labor, material, services and equipment to
26 the Project that was not within its original scope of work under
27 the subcontract, pursuant to approximately 36 oral modifications
28 to the Subcontract in the form of oral change orders between it

and Dick/Matt (the "Oral Modifications"), categorized as follows:

  a. Oral change orders specifically requested and authorized by Dick/Matt which have been approved by the General Services Administration.  Pursuant to these change orders, Plaintiff performed work at the Project including: repainting finished surfaces, painting faux finish in restrooms, painting exposed steel tubes and inbeds in the roof, painting wood ceiling grids, and painting sally port columns.  This work was not within Plaintiff's original scope of work under the Subcontract.  Pursuant to these change orders, Dick/Matt owes Plaintiff $82,573.15;

  b. Oral change orders specifically requested and authorized by Dick/Matt, pursuant to which Plaintiff performed $27,189.26 of work that was beyond its original scope of work under the Subcontract, including the painting of wood ceiling grids, painting of custom wood grille ceiling in main lobby and Time & Material increases for miscellaneous extra work requested by Dick/Matt.  Despite ordering Plaintiff to perform this additional work, Dick/Matt claims it has failed to obtain approval and authorization from the General Services Administration for the performance of this work and, solely on this basis, refuses to pay Plaintiff for the work until such approval is obtained; and

  c. Oral change orders specifically requested and authorized by Dick/Matt pursuant to which Plaintiff performed $89,556 of work that was beyond the original scope of the Subcontract.  Specifically, Plaintiff repaired the damage Dick/Matt, other subcontractors, and governmental tenants at the

Project caused to the work Plaintiff had already completed under the terms of the original Subcontract by repainting and touching up dozens of areas of Plaintiff's past-completed work.  Dick/Matt claims it has failed to obtain approval and authorization from the General Services Administration for the performance of this work and, solely on that basis, refuses to pay Plaintiff for the work until such approval is obtained.

    3.   Under the Subcontract, Plaintiff was required to perform the aforementioned work regardless of whether written change orders issued or the General Services Administration approved it, or else face the risk that Dick/Matt would bring suit against it for breach of the Subcontract.  Dick/Matt has not paid Plaintiff for any of the labor, material, services and equipment it provided pursuant to the Oral Modifications, which totals $199,318.41.

IV.   Related Case Statement.

    1.   This is another Fresno Courthouse construction case and the parties have analyzed and discussed their respective positions.  They believe it would be conducive of judicial economy and efficient for conservation of the parties and the Court's resources to stay this case in accordance with the stay previously effectuated by the Court in related cases.

V.   Orders Re Amendments To Pleadings.

    1.   To be determined.  A supplemental joint scheduling conference statement containing the information sought in this category will be completed and submitted after Dick/Matt and CNA appear in this action.

///

VI.  Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Ro's Precise Painting, Inc., is a California corporation.

        2.   CNA Surety Corporation is an Illinois corporation licensed to do business as a surety in the State of California.

        3.   Dick Corporation/Matt Construction, is a joint venture that constructed the Fresno County Federal Courthouse.

        4.   The parties had a written subcontract for Ro's Precise Painting, Inc., to perform paint work at the project.

    B.   Contested Facts.

        1.   To be determined.  A supplemental joint scheduling conference statement containing the information sought in this category will be completed and submitted after Dick/Matt and CNA appear in this action.

VII. Legal Issues.

    A.   Uncontested.

        1.   To be determined.  A supplemental joint scheduling conference statement containing the information sought in this category will be completed and submitted after Dick/Matt and CNA appear in this action.

    B.   Contested.

        1.   To be determined.  A supplemental joint scheduling conference statement containing the information sought in this category will be completed and submitted after Dick/Matt and CNA appear in this action.

///

**VIII.     Consent to Magistrate Judge Jurisdiction.**

    1.   To be determined.  A supplemental joint scheduling conference statement containing the information sought in this category will be completed and submitted after Dick/Matt and CNA appear in this action.

**IX.   Corporate Identification Statement.**

    1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

**X.   Discovery Plan and Cut-Off Date.**

    1.   The case will be stayed through and including July 26, 2007, to enable the parties to explore non-judicial resolution of the case.  The parties are directed to advise the Court whether the negotiations have been successful, and if not, to contact the Courtroom Deputy for a new Scheduling Conference date following July 26, 2007.

**XI.   Trial Date.**

    1.   Ro's has not demanded a jury trial.  It is undetermined whether either Dick/Matt or CNA will demand a jury trial.  This information will be included in the parties' Supplemental Joint Scheduling Conference Statement.

    2.   Counsels' Estimate Of Trial Time:

        a.   To be determined.  A supplemental joint scheduling conference statement containing the information sought in this

category will be completed and submitted after Dick/Matt and CNA appear in this action.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

## XII. Settlement Conference.

    1.    Not scheduled at this time.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.    Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement

Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.    The Confidential Settlement Conference Statement shall include the following:

        a.    A brief statement of the facts of the case.

        b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.    A summary of the proceedings to date.

        d.    An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIII.    Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.    To be determined.  A supplemental joint scheduling conference statement containing the information sought in this category will be completed and submitted after Dick/Matt and CNA appear in this action.

XIV. Related Matters Pending.

    1.    Those will be listed in the future.

XV. Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVI. Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   May 8, 2007                        /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE